IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ARETHA BELL, DULY APPOINTED
ADMINISTRATRIX OF THE ESTATE OF DONOVAN
DUKES, DECEASED, AND ELIZABETH DUKES,
LISA M. DANIELS, ME'UNCA DUKES, CLARENCE PRICE, JASMINE DUKES, KEARA
DUKES, DONTREY DUKES, JERON DUKES, KEONIA LASHAE BROWN, TRUTH
DUKES, KATILYN DUKES, HONEY BUN DAVIS, ZSERON DUKES, ZIKIYA DAVIS,
HEIRS-AT-LAW AND A, B, C, D, E,
UNKNOWN HEIRS-AT-LAW
                                                                    PLAINTIFFS

v.

BOLIVAR COUNTY, MISSISSIPPI,
H. M. "MACK" GRIMMETT, SHERIFF,
BOLIVAR COUNTY, MISSISSIPPI,
IN HIS OFFICIAL CAPACITY AND
INDIVIDUALLY, AND UNKNOWN
SHERIFF'S DEPUTIES OF BOLIVAR COUNTY,
MISSISSIPPI, IN THEIR OFFICIAL CAPACITIES
AND INDIVIDUALLY AND JOHN DOE
DEFENDANTS A, B, C, D

AND

CITY OF SHELBY, SHELBY, MISSISSIPPI;
DAN HARRIS, JR., MAYOR OF CITY OF SHELBY,
MISSISSIPPI IN HIS OFFICIAL CAPACITY AND INDIVIDUALLY
AND, KERMIT E. STANTON IN HIS OFFICIAL
CAPACITY AS FORMER MAYOR OF
THE CITY OF SHELBY, MISSISSIPPI, RICARDO TELL, CHIEF OF POLICE OF CITY OF
SHELBY, MISSISSIPPI, IN HIS OFFICIAL CAPACITY AND
INDIVIDUALLY; MARION BEDFORD, IN HIS OFFICIAL
CAPACITY AS CHIEF OF POLICE FOR
THE CITY OF SHELBY AND INDIVIDUALLY, MISSISSIPPI JOSEPH "JOE" WOMACK,
BRETT WILLIAMS, AND JESSIE RICKY NUNLEY, POLICE OFFICERS OF THE CITY OF
SHELBY, MISSISSIPPI IN THEIR OFFICIAL CAPACITIES AND INDIVIDUALLY;
EUNICE SANDERS;HAROLD BILLINGS; PEGGY MENGARELLI; IN THEIR OFFICIAL
CAPACITIES AS ALDERMEN OF THE CITY OF SHELBY, MISSISSIPPI AND
INDIVIDUALLY; AND JOHN DOE
DEFENDANTS A, B, C, D, E
                                                                    DEFENDANTS

AMENDED COMPLAINT
JURY TRIAL DEMANDED

Introduction

Aretha Bell, Duly Appointed, Administratrix of The Estate of DONOVAN GEMERRION DUKES, Deceased, and Elizabeth Dukes, Lisa M. Daniels, Me'unca Dukes, Clarence Price, Jasmine Dukes, Keara Dukes, Dontrey Dukes, Jeron Dukes, Keonia Lashae Brown, Truth Dukes, Katilyn Dukes, Honey Bun Davis, Zseron Dukes, Zikiya Dukes Heirs-at-Law and A, B, C, D, E, Unknown Heirs-at-Law, Plaintiffs (hereinafter "the Estate") bring this action against Bolivar County, Mississippi, H. M. "Mack" Grimmett, Sheriff of Bolivar County, Mississippi in his official capacity and individually and the City Of Shelby, Shelby, Mississippi; Dan Harris, Jr., Mayor of City of Shelby, Mississippi in His Official Capacity And Individually And, Kermit E. Stanton In His Official Capacity as Former Mayor of The City Of Shelby, Mississippi, Individually; Ricardo Tell, Chief of Police of City of Shelby, Mississippi, Maion Bedford, Chief of Police For The City of Shelby, Mississippi in His Official Capacity and Individually, Joseph "Joe" Womack, Deputy Sheriff of Bolivar County, in His Official Capacity and Individually, Brett Williams, Police Officer of the City of Shelby, In His Official Capacity and Individually, Jessie Rickey Nunley, Police Officer of the City of Shelby In His Official Capacity and Individually, Eunice Sanders; Harold Billings; Peggy Mengarelli; In Their Official Capacities As Alderpersons Of The City Of Shelby, Mississippi And Individually; Marion Bedford, In His Official Capacity As Chief Of Police For The City Of Shelby, Mississippi And Individually, And John Doe Defendants A,B,C,D,E , Defendants (hereinafter "Bolivar County" and "City of Shelby" respectively) for injuries and damages arising out of an arrest and physical injuries sustained as the result of excessive force used by Bolivar County and the City of Shelby

as well as assault and battery, and unconstitutional policies, procedures and actions, and state and common law claims of intentional and negligent emotional distress and assault and battery, all arising from Bolivar County's and City of Shelby's officials acts and omissions in the response and investigation of a traffic stop and subsequent arrest of DONOVAN GEMERRION DUKES, on or about the 13th day of May, 2012. Bolivar County and City of Shelby failed to provide DONOVAN GEMERRION DUKES with adequate constitutional guarantees during this investigation and arrest and at all time subsequent to the arrest including but not limited to the intentional or reckless use of excessive force that resulted in physical, mental, and emotional injury to DONOVAN GEMERRION DUKES, the failure to provide timely and necessary medical treatment, and other acts of omission and commission by Bolivar County and City of Shelby.

## Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C §§1331, 1332, and 1343 (a) (3), and 42 U.S.C. §1983.

2. Plaintiffs also invokes supplemental and pendant jurisdiction of this Court over state law claims against Bolivar County and City of Shelby for state law and common law violations pursuant to 28 U.S.C. §1367 as the common law claims form part of the same case or controversy.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391 as the cause of action occurred in this District.

4. Aretha Bell, Administratrix of the Estate of Donovan G. Dukes, et al bring this action against Bolivar County, Mississippi, and City of Shelby et al to redress the deprivation of rights secured to DONOVAN GEMERRION by the Fourth, Fifth, Eighth, and Fourteenth

Amendments to the United States Constitution, 42 U.S.C §1983, state law, and the common law.

5. Prior to his death, DONOVAN GEMERRION DUKES was a citizen of 1105 Broadway Road Shelby, MS, Second Judicial District, Bolivar County, Mississippi 38774. His estate is administered by the Chancery Court of Bolivar County, Mississippi, Second Judicial District.

6. Each defendant is, upon information and belief, a citizen of Second Judicial District of Bolivar County, State of Mississippi. Bolivar County is, and at all times pertinent herein a political subdivision of the State of Mississippi existing by virtue of the laws of the State of Mississippi.

7. City of Shelby, Mississippi is at all times pertinent herein is a political subdivision of the State of Mississippi.

8. The matter in controversy exceeds the sum $150,000.00 exclusive of interests and costs.

## Parties

9. Prior to his death DONOVAN GEMERRION DUKES resided at 1105 Broadway Street Shelby, MS, Second Judicial District, Bolivar County, Mississippi 38774 and his Estate is Administered by the Chancery Court of Bolivar County, Mississippi Second Judicial District. Aretha Bell is the duly appointed Administratrix.

10. Defendants Bolivar County, Mississippi and the Bolivar County Sheriff's Department operate, govern, and provide government services under color of law in and for Bolivar County, Mississippi, pursuant to the laws of the State of Mississippi and the County of Bolivar and may be served with process at 200 South Court Street, Cleveland, MS 38732.

11. Defendant H. M. "Mack" Grimmett, Sheriff of Bolivar County, Mississippi may be served with process at 2792 Highway 8 Cleveland, Mississippi 38732.

12. Defendant City of Shelby and the City of Shelby Police Department, operate, govern, and provide government services under color of law in and for the City of Shelby, Mississippi and may be served with process at 305 3rd Ave, Shelby, MS 38774.

13. Dan Harris, Jr., Mayor of City of Shelby, Mississippi, may be served with process at 305 3rd Ave, Shelby, MS 38774.

14. Kermit E. Stanton, Former Mayor of the City of Shelby, Mississippi, may be served with process at 305 3rd Ave, Shelby, MS 38774.

15. Ricardo Tell, Chief of Police of City of Shelby, Mississippi, may be served with process at 305 3rd Ave Shelby, Mississippi 38774.

16. Marion Bedford, Chief of Police for City of Shelby, Mississippi, may be served with process at 305 3rd Ave Shelby, Mississippi 38774.

17. Joseph "Joe" Womack, Police Officer, City of Shelby, Mississippi, may be served with process at 305 3rd Ave Shelby, Mississippi 38774.

18. Brett Williams, Police Officer for City of Shelby, Mississippi, may be served with process at 305 3rd Ave Shelby, Mississippi 38774.

19. Jessie Ricky Nunley, Police Officer for City of Shelby, Mississippi, may be served with process at 305 3rd Ave Shelby, Mississippi 38774.

20. Eunice Sanders, Alderperson of the City of Shelby, Mississippi, may be served with process at 305 3rd Ave, Shelby, MS 38774.

21. Harold Billings, Alderperson of the City of Shelby, Mississippi, may be served with process at 305 3rd Ave, Shelby, MS 38774.

22. Peggy Mengarelli, Alderperson of the City of Shelby, Mississippi, may be served with process at 305 3rd Ave, Shelby, MS 38774.

Alderpersons are to better the city for all citizens and to ensure proper qualifications for all elected and non-elected city employees.

## FACTS PERTINENT TO ALL CAUSES OF ACTION

23. DONOVAN GEMERRION DUKES died on the 16th day of December 2012 in the City of Cleveland, Bolivar County, Mississippi.

24. Aretha Bell is the duly appointed Administratrix of the Estate of DONOVAN GEMERRION DUKES, deceased.

25. At all times pertinent herein, H. M. "Mack" Grimmett was the duly elected Sheriff of Bolivar County, Mississippi.

26. H. M. "Mack" Grimmett and unknown sheriff's deputies were acting as sheriff (police) officers in the scope of their employment for Bolivar County, Mississippi at all times mentioned herein and at some times mentioned herein beyond the scope of their employment.

27. At the time of the alleged incident and at all times pertinent hereto, Bolivar County acted under color of law, of a statute, ordinance, regulation, custom, training, procedure or usage.

28. At all times pertinent herein, on or about May 13, 2012, Shelby, Mississippi Police Officer, Joseph "Joe" Womack acting in his official capacity and operating an official vehicle of City of Shelby Mississippi stopped a motorcycle ridden by Donovan Gemerrion Dukes.

29. On or about May 13, 2012, officer, Womack placed Dukes in handcuffs as he sat on his motorcycle and sprayed him with mace.

30. On or about May 13, 2012, Officer Womack shoved Dukes head down on the gas tank of the motorcycle.

31. On or about May 13, 2012, Officer Womack then physically removed Dukes from the cycle and pushed him into his police vehicle leaving his legs outside. Officer Woman than slammed the door on Dukes' legs three times.

32. On or about May 13, 2012, at all times pertinent herein Officer Womack used foul language and issued threats directed toward Dukes.

33. On or about May 13, 2012, Officer Womack then transported Dukes to the City of Shelby, Mississippi police Department.

34. On or about May 13, 2012, upon arriving at the police, Officer Womack called the Bolivar County, Mississippi Sheriff's Department.

35. On or about May 13, 2012, Officer Womack removed Dukes from the police vehicle started to the police station with him when for no apparent reason Womack again sprayed Dukes with mace again for no apparent reason.

36. On or about May 13, 2012, when Womack and Dukes reached the door to the police station, Womack turned Dukes around and began walking him back toward the street.

37. On or about May 13, 2012, Officer Womack then kicked Dukes legs out from under him causing Dukes to fall on the concrete street.

38. On or about May 13, 2012, in this position, Womack put his knee in the back of DONONVAN GEMERRION DUKES' neck and sprayed DONOVAN GEMERRION DUKES with mace.

39. On or about May 13, 2012, Dukes was pinned between the curb and the tire of the police car and Womack again sprayed him with mace.

40. At no time pertinent herein, did Womack advise Dukes he was under arrest, advise of any charges or read any rights to him.

41. On or about May 13, 2012, Bolivar County Sheriff Deputies arrived and they asked Dukes to get into their squad car but Dukes was unable to stand or walk on his leg.

42. On or about May 13, 2012, the Deputies dragged Dukes to the car and put him in the car, pinning him down more times.

43. On or about May 13, 2012, an ambulance was eventually called and Dukes was transported to Bolivar Medical Center, Cleveland, Mississippi where he was evaluated and released back into police custody.

44. On or about May 13, 2012, Dukes was taken to Bolivar County Sheriff's Department [jail] where he was held overnight.

45. The following day Dukes was released on bond. The bonding company listed the following charges by the City of Shelby: public drunk, resisting arrest, disorderly conduct, no drivers' license, no insurance and assaulting a police officer.

46. On or about May 13, 2012, John Doe officers of the Bolivar County Sheriff's Department arrested Donovan G. Dukes.

47. During the arrest, arresting law enforcement officers, physically and verbally abused and threatened DONOVAN GEMERRION DUKES.

48. As a result of the excessive force during his arrest, DONOVAN GEMERRION DUKES suffered injures and mental anguish including, but not limited to a fractured hand.

49. On or about May 13, 2012, DONOVAN GEMERRION DUKES was unable to comply due to his injuries.

50. Due to his injuries, prior to transporting Dukes to jail he was transported to the Bolivar Medical Center, Cleveland, Mississippi by ambulance.

51. Womack gave no reason for apprehending DONOVAN GEMERRION DUKES.

52. At all times pertinent herein, DONOVAN GEMERRION DUKES was not engaging in criminal acts and was not resisting arrest at any point.

53. Bolivar County and City of Shelby at all times pertinent herein, purposely ignored DONOVAN GEMERRION DUKES request for medical attention and instead subjected him to a course of cruel and unusual treatment by the use of excessive deprivation of medical treatment, as well as verbal abuse.

54. Bolivar County and City of Shelby acted with actual malice toward DONOVAN GEMERRION DUKES and with willful and wanton indifference to and deliberate and reckless disregard for the statutory and constitutional rights of DONOVAN GEMERRION DUKES.

55. Bolivar County and City of Shelby's actions constitute unreasonable and excessive use of force, deprivation of medical treatment in violation of due process of law.

56. Upon information and belief, at all times pertinent hereto, Bolivar County, the Shelby police force, and Bolivar County Sheriff's Department permitted and tolerated a pattern and practice of unreasonable use of force and deprivation of Constitutional Guarantees by its police officers in effecting an arrest.

57. Upon information and belief, the County of Bolivar and City of Shelby have maintained a system of review of police conduct through its departments, including Internal Affairs,

which is so untimely and cursory as to be ineffective and to permit and tolerate the unreasonable and excessive use of force, cruel and unusual punishment and denial of Constitutional rights by its police officers.

58. The acts, omissions, systemic flaws, policies, and customs of Bolivar County, City of Shelby, and the City of Shelby Police Department caused DONOVAN GEMERRION DUKES to believe that their misconduct, abuse of power, and denial of civilian rights would not be aggressively, honestly, and properly investigated, with the foreseeable result that officers are more likely to use excessive or unreasonable force and denial of rights against DONOVAN GEMERRION DUKES and others in the future.

59. As a direct and proximate result of the acts and omissions of Bolivar County, the Bolivar County Sheriff's Office, City of Shelby, and Shelby Police Department, DONOVAN GEMERRION DUKES was physically injured and was mentally and physically sick.

## COUNT I: VIOLATION OF CONSTITUTIONAL RIGHTS UNDER §1983 RIGHTS TO COUNSEL & DUE PROCESS

60. The foregoing paragraphs are incorporated herein as if fully set forth.

61. It was the policy and practice of the County of Bolivar Sheriff's Office and City of Shelby Police Department to authorize certain officers, including Joseph "Joe" Womack and other unknown officers involved in the arrest and detainment of DONONVAN GEMERRION DUKES to cover up the use of the denial of constitutional rights in the use of excessive force, retaliation, intimidation and tactics of verbal and physical abuse.

62. These policies and practices of Bolivar County Sheriff's Office and City of Shelby and City of Shelby Police Department encouraged and caused constitutional violations by law enforcement, including the violation of DONOVAN GEMERRION DUKES'

constitutional rights by Bolivar County and its Officers and the City of Shelby and its Officers as described in the foregoing paragraphs.

63. At all times pertinent hereto, the superiors who supervised the county officers and city officers who unlawfully violated DONOVAN GEMERRION DUKES' rights encourage and tolerate the policies and practices described in the foregoing paragraphs.

64. Bolivar County Sheriff's Office and City of Shelby Police Department refused to adequately to train, direct, supervise, or control its officers and particularly Womack and other unknown officers involved in the arrest and detainment of DONOVAN GEMERRION DUKES so as to prevent violations of DONOVAN GEMERRION DUKES' constitutional rights.

65. At all times pertinent hereto, Joseph "Joe" Womack and other unknown law enforcement A,B,C,D were acting within the scope of their employment and pursuant to the aforementioned policies and practices of Bolivar County, Bolivar County Sheriff's Department, City of Shelby and Shelby Police Department. These policies and practices were enforced by the Bolivar County and its employees, supervisors, and the City of Shelby and its employees and supervisors were the moving forces, proximate cause, or affirmative link behind the conduct causing DONOVAN GEMERRION DUKES' injuries and damages. Bolivar County and the City of Shelby are therefore liable for the violation of DONOVAN GEMERRION DUKES' constitutional rights by their respective law enforcement personnel.

### COUNT II: CONSPIRACY TO VIOLATE CIVIL RIGHTS

66. The foregoing paragraphs are incorporated herein as if fully set forth.

67. Bolivar County, Bolivar County Sheriff's Office, City of Shelby, Shelby Police Department, and law enforcement including Joseph "Joe" Womack conspired to violate DONOVAN GEMERRION DUKES' statutory civil rights by acting in concert to ignore his request for medical attention and together creating an environment of intimidation and coercion, including the use of verbal and physical abuse, as more fully described in the foregoing paragraphs, all in violation of 42 U.S.C. §1983, for which they are liable.

COUNT III: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

68. The foregoing paragraphs are incorporated herein as if fully set forth.

69. Bolivar County, Bolivar County Sheriff's Office, City of Shelby, and Shelby Police Department intentional abuse of DONOVAN GEMERRION DUKES' constitutional rights as well as the conduct described herein above was extreme, outrageous, and unjustified, and caused DONOVAN GEMERRION DUKES to suffer physical and emotional distress for which the Defendants are liable in their official capacity and individually.

70. The acts and omission fostered upon DONOVAN GEMERRION DUKES were unjustified and done with actual malice and wanton and reckless indifference to and deliberate disregard for human dignity and the rights of DONOVAN GEMERRION DUKES. DONOVAN GEMERRION DUKES is thus entitled to exemplary damages.

COUNT IV: NEGLIGENCE

71. The foregoing paragraphs are incorporated herein as if fully set forth.

72. Joseph "Joe" Womack, while acting as an agent and employee for City of Shelby in his capacity as a police officer for the City of Shelby, owed a duty to DONOVAN GEMERRION DUKES to perform their police duties without the use of intimidation,

coercion, excessive force, abuse and refusing DONOVAN GEMERRION DUKES his civil and constitutional rights. The unknown Sheriff's Deputy for Bolivar County's use of excessive force, intimidation, coercion and abuse upon DONOVAN GEMERRION DUKES in refusing to abide by his civil and constitutional rights, when DONOVAN GEMERRION DUKES was unarmed and did not pose a threat, was not engaging in criminal acts or resisting arrest constitutes negligence for which the City of Shelby, Bolivar County, Joseph "Joe" Womack, and unknown Deputies and officers are individually liable.

73. At all times during the alleged incident, Joseph "Joe" Womack was acting within the scope of his employment as Police Officer of City of Shelby.

74. Bolivar County is liable for compensatory damages under the doctrine of respond superior for the negligence of Bolivar County Sheriff's Deputies, City of Shelby and Joseph "Joe" Womack committed within the scope of his employment.

## COUNT V: NEGLIGENCE

75. The foregoing paragraphs are incorporated herein as if fully set forth.

76. The County of Bolivar, City of Shelby, Marion Bedford, Chief of Police for City of Shelby, and Bolivar County Sheriff, H. M. "Mack" Grimmett owed a duty to DONOVAN GEMERRION DUKES to train and supervise and otherwise control their law enforcement in the use of excessive force, coercion, intimidation, violation of Constitutional Guarantees and other matters including medical care incidental to the exercise of police functions.

77. Bolivar County and City of Shelby failed to provide adequate training, supervision, and control of their deputies and police, which failure of such constitutes negligence.

78. As a proximate result of Bolivar County and City of Shelby, negligent failure to provide adequate training, supervision and control of their deputies and officers, DONOVAN GEMERRION DUKES had sustained injuries and medical bills. These injuries caused DONOVAN GEMERRION DUKES pain and suffering, mentally and physically.

79. The County of Bolivar and City of Shelby's negligence to provide adequate training and supervision to and of its deputies and police officers constitutes a willful and wanton indifference and deliberate and reckless disregard for human being and the rights of private citizens, including DONOVAN GEMERRION DUKES. DONOVAN GEMERRION DUKES is thus entitled to exemplary damages.

WHEREFORE, DONOVAN GEMERRION DUKES requests that this Court enter judgment against Bolivar County, H. M. "Mack" Grimmett, Unknown Sheriff's Deputies of Bolivar County, City of Shelby, Dan Harris, Jr., Kermit E. Stanton, Ricardo Tell, Marion Bedford, Joseph "Joe" Womack, Brett Williams, Jessie Ricky Nunley, Eunice Sanders, Harold Billings, Peggy Mengarelli, and John Doe Defendants A, B, C, D, E, award the following amounts:

  a. $150,000 compensatory damages in favor of DONOVAN GEMERRION DUKES;
  b. $250,000 exemplary damages in favor of DONOVAN GEMERRION DUKES
  c. Costs of this action, including reasonable attorney fees to the DONOVAN GEMERRION DUKES pursuant to The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. §1988 (1976); AND
  d. Such other and further relief as the court may deem appropriate.

RESPECTFULLY SUBMITTED this the 8th day of August, 2013.

                                                  Aretha Bell, Administratrix
                                                  Estate of DONOVAN
                                                  GEMERRION DUKES

                              By:    S/Bobby Taylor Vance
                                      Bobby Taylor Vance
                                        MSB#8616/TNB#024268

PREPARED BY:

S/Bobby Taylor Vance
Bobby Taylor Vance
MSB#8616/TNB#024268
VANCE LAW OFFICE, INC.
123 Van Voris Street
Post Office Box 307
Batesville, MS 38606
Telephone:  Batesville, MS (662)563-0403
                 Houston, MS (662)456-7442
                 Memphis, TN (901)335-8137
Facsimile:   Batesville, MS (662)563-8114
E-mail: bobbytaylorvance@cableone.net